UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHAD PRINCE,

        Plaintiff,

v.

VAN BUREN COUNTY JAIL,

        Defendant.
_____/

Case No. 1:19-cv-270

Honorable Gordon J. Quist

# **OPINION**

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### I.    **Factual allegations**

Plaintiff Chad Prince is presently detained at the Metropolitan Correctional Center in Chicago, Illinois. However, the events about which he complains occurred while he was

detained at the Van Buren County Jail in Paw Paw, Michigan. Plaintiff sues the Van Buren County Jail.

Plaintiff alleges that he suffered two seizures while detained at the Van Buren County Jail, and a nurse at the jail put him on anti-seizure medication and a bottom-bunk restriction. For three days, he was forced to sleep on the floor in the booking department at the jail. After that, he was moved to the general population unit and was told by jail officials to sleep on a top bunk because there was no bottom bunk available for him. He pushed the emergency button in his cell to tell jail officials that he had been placed on a bottom-bunk restriction for medical reasons. An officer told him that the emergency button was for emergencies only and that only top bunks were available.

While sleeping on the top bunk, he had a seizure and fell onto the floor, resulting in a head concussion, head wounds, and severe back and body pain.

As relief, Plaintiff seeks damages for treatment of future pain, and an order requiring the Van Buren County Jail to "enforce better policies of housing inmates with medical needs to avoid future inc[i]dents that could easily be avoided." (Compl., ECF No. 1, PageID.5.)

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not state a claim against the Van Buren County Jail because the jail is a building; it is not a person or entity capable of being sued.

Assuming Plaintiff meant to sue Van Buren County, he does not state a claim for other reasons. A municipality like Van Buren County may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los*

*Angeles Cty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and the plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe Cty.*, 520 U.S. 781, 784-85 (1997).

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. Mich. Comp. Laws § 51.75 (sheriff has the "charge and custody" of the jails in his county); Mich. Comp. Laws § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); Mich. Comp. Laws § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Thus, the court looks to the allegations in Plaintiff's complaint to determine whether Plaintiff has alleged that the sheriff has established a policy or custom which caused Plaintiff to be deprived of a constitutional right.

Plaintiff's action fails at this first step because his allegations do not identify a policy or custom. A "policy" includes a "policy statement, ordinance, regulation, or decision

officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. Plaintiff does not allege that an official policy is the cause of his injuries.

Plaintiff also has not identified a custom. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cty.*, 103 F.3d at 507 (citations and quotations omitted). Plaintiff does not allege any facts indicating that his injuries resulted from a custom of ignoring the medical needs of detainees.

Plaintiff's only allegation which pertains to a policy or custom (and remotely so) is his contention that the jail should "enforce better policies of housing inmates with medical needs to avoid future inc[i]dents that could easily be avoided." But this statement is not an allegation that the county had a policy or custom of ignoring medical needs like his, resulting in the conduct causing Plaintiff's injuries. It is simply an assertion that jail staff should do more in the future to prevent the sort of harm that he suffered. But this sort of assertion is, at best, equivalent to contending that the jail officials were negligent in creating and enforcing appropriate policies. However, mere negligence in failing to enforce policies or take other preventive measures is insufficient to show § 1983 liability. *Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1988).

Accordingly, for all the foregoing reasons, Plaintiff fails to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

5

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: May 10, 2019  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE